MARION MYERS, PLAINTIFF-RESPONDENT, v. JOHN H. SAUER, DEFENDANT-APPELLANT.

Submitted October 25, 1935—Decided January 31, 1936.

For the appellant, *Edwards, Smith & Dawson (Raymond Dawson,* of counsel).

For the respondent, *John J. Cuneo (Andrew O. Wittreich,* of counsel).

The opinion of the court was delivered by

LLOYD, J. This is an automobile accident case. A verdict and judgment for the plaintiff resulted and defendant appeals, claiming that there should have been a nonsuit or a verdict directed for the defendant, and that there were errors in the trial, among them erroneous instruction to the jury that plaintiff was an invitee in the defendant's automobile.

The plaintiff and a friend were going to a card party but by different conveyances. That intended by the plaintiff failed, and she testified that she apprised her friend that she would be unable to go; that the friend, a Miss Marjorie Carton, said, "I will call up John [the defendant, with whom she was going] and ask him if it is all right to take you," and as a result of this conversation they, Sauer and Miss Carton, called for her and took her.

Miss Carton, called as a witness (then married to Sauer) described what took place as follows: "In the morning of the day of the affair Miss Myers came to work and told me that she did not think she would go. * * * I said * * * maybe you can go with us and I said to expect us this evening about eight o'clock. *Q.* Did you say anything more about the planning than that you would expect to see her at eight o'clock? *A.* I expected to see her at eight o'clock at her home. *Q.* When did you first speak to Mr. Sauer about it? *A.* That evening when he came to call for me. *Q.* Did you request him to go down and stop there? *A.* I asked him. *Q.* And did he go down? *A.* Yes, he did. *Q.* Were you with him at the time? *A.* I was. *Q.* Did he get out of the car at the time? *A.* No, he did not. *Q.* Did he say anything to her except good evening? *A.* Just the evening greeting."

Sauer testified that Miss Carton asked him to take the plaintiff and he said he would; that when he called at the

home of the plaintiff he sounded his horn and she came out and got in the car.

Whatever view may be taken of the rulings on the motion for nonsuit and for direction, in this state of the proofs we think it was error to instruct the jury that the plaintiff was an invitee of the defendant in his automobile.

The burden of proof was on the plaintiff to establish that she was such invitee. While the plaintiff was an occupant of the defendant's car at the time the accident (out of which the action grew) occurred, the proofs will be looked to in vain to find any basis for the suggestion that she was there at his invitation unless indeed it be found in his acquiescence to the request of the plaintiff's friend and his own fiance that he take the plaintiff to the party. Miss Carton whose initiative was responsible throughout was not shown to be the defendant's agent to issue an invitation, nor did she purport to do so. What she was doing was endeavoring to help her friend in her dilemma, and to do this she asked the defendant's permission to have her go with them. If agency is to be found at all it would rather be between the plaintiff and Miss Carton, the plaintiff having acquiesced in the suggestion that Miss Carton would ask her friend the defendant. The fact that the latter stopped and sounded his horn at plaintiff's residence implies nothing more than would be the stopping of an automobile upon the highway at the instance of a pedestrian seeking a ride.

Whether the motions for nonsuit or direction, either or both, should have been granted, it is unnecessary to say. Certain it is from these proofs that the court was not justified in instructing the jury that the plaintiff was in the defendant's car as an invitee.

The judgment is reversed, and a *venire de novo* awarded.

*For affirmance*—DONGES, HEHER, PERSKIE, DEAR, WELLS, RAFFERTY, JJ.   6.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, BODINE, HETFIELD, WOLFSKEIL, JJ.   7.