MARION MYERS, PLAINTIFF-RESPONDENT, v. JOHN H. SAUER, DEFENDANT-APPELLANT.

Argued June 1, 1936—Decided October 2, 1936.

For the plaintiff-respondent, *John J. Cuneo* (*Andrew O. Wiltreich,* of counsel).

For the defendant-appellant, *Edwards, Smith & Dawson* (*Raymond Dawson,* of counsel).

PER CURIAM.

In this case the plaintiff had a judgment against the defendant in the Supreme Court, Hudson County Circuit. The defendant appeals.

The plaintiff's claim for damages arose from injuries received in an automobile accident. The pertinent facts of the case have been stated in an opinion of this court, *Myers* v. *Sauer,* 116 *N. J. L.* 254; 182 *Atl. Rep.* 634. It is unnecessary to repeat them here.

The main reasons upon which a reversal of the judgment is sought are that the court rejected the defendant's motion for a nonsuit and refused to direct a verdict in favor of the defendant on the ground that at the time of the accident the plaintiff was a licensee rather than an invitee of the defendant. It is elementary of course that the plaintiff had the burden of establishing her status as an invitee if she would hold the defendant answerable for failure to exercise reasonable care in the operation of the automobile, as a result of which she was injured.

Invitation, to show that the plaintiff in this case was an invitee, may be either express or implied. The court properly left that issue to the jury to decide. We find no error in the refusal of the court to grant either motion.

We have examined the other grounds for reversal and have considered the argument made in their support. They are lacking in legal merit and require no discussion.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 12.

*For reversal*—None.