This is an appeal from the Monmouth County Court. The action is one brought by Mary Porter for personal injuries and Edward Porter, her husband, for medical expenses, etc. The defendants are Boro Busses Corporation and Augustus Mugge, its agent and servant.
The plaintiff was a member of the Ladies' Auxiliary of the Fair Haven Fire Department. On December 26, 1946, the Fire Department held a meeting at which it was decided to submit to the members of the Ladies' Auxiliary, two alternative propositions, the choice of a dinner to be given locally, or a trip to New York.
A few days following December 26th, Robert Van Brunt, chairman of the refreshment and entertainment committee of the Fire Department, informed Mr. Matthews, general manager of the Boro Busses Corporation, that the ladies had selected the trip to New York, and informed him that the trip was to be made January 16, 1947. On January 16, 1947, two busses owned by the defendant corporation and operated by its agent and servant, picked up the members of the Ladies' Auxiliary, including the plaintiff, and started out with them to the City of New York.
As the bus in which the plaintiff was riding reached Linden, New Jersey, it was in collision with the second bus; the first bus having been stopped by a police officer, and the second bus which failed to stop. In this collision, the plaintiff, Mrs. Mary Porter, suffered bodily injury.
At the meeting of December 26th, Mr. Van Brunt was informed by Mr. Matthews that the cost of a bus to New York was approximately $55, but since the Fire Department was hiring it, he would have to see Mr. Russell, an officer of the *Page 8 
corporation, to be sure he could give the Fire Department a "break." On February 3rd, Mr. Van Brunt again asked Mr. Matthews for a bill for the two busses and at that time was informed by Mr. Matthews that he would have to take it up with Mr. Russell, president and treasurer of the Boro Busses Corporation. Nothing further was said by any of the parties as to the cost of said busses until February 23rd, and after the accident had happened. Mr. Matthews then informed Mr. Van Brunt that he, Mr. Russell, the president and treasurer of the bus company, had told him that there would be no charge for the bus.
These issues were submitted to the jury which rendered a verdict in favor of the defendants and against the plaintiffs of no cause for action.
Under the set of facts as outlined above, the court in its charge to the jury instructed that it was for them to determine whether the plaintiff was in the bus as a licensee or an invitee. That portion of the charge relating to the question of whether or not the plaintiff was in the status of a licensee or invitee was objected to by counsel for the plaintiff, and from this portion of the charge the plaintiff appeals.
The only question raised upon this appeal is as to whether or not the court erred in charging that under the evidence produced in the trial, the jury could find that the plaintiff was a licensee in the bus of the defendant.
It is the contention of the appellant:
(1) That there was no factual background presented by the evidence from which the jury could find that the passenger, Mary Porter, was riding gratuitously upon the bus of the defendant, or any evidence of the defendants having intended to donate the busses at the time of the trip and that such charge was predicated upon facts which were not in evidence.
(2) That the court erred in charging the jury that the defendant would be relieved from liability for personal injuries resulting from the ordinary negligence of its employee to one riding free of charge in the absence of a further charge that there would have to be an agreement to that effect entered into between the parties themselves.
The complaint, as amended at the pretrial conference, alleged that the plaintiff was a passenger by invitation in a *Page 9 
motor vehicle of the defendant, and at the same time, the defendants amended their answer, admitting the plaintiff was a passenger, but denying that she was a passenger by invitation. Under this state of the pleadings, it therefore became the duty of the plaintiff to establish her legal status in the motor vehicle. (Myers v. Sauer, 116 N.J.L. 254.)
The only witness on this point who testified for the plaintiff was Robert Van Brunt, a representative of the Fire Department. Robert A. Matthews, a representative of the bus company, was also called by the plaintiff, but did not testify to any arrangement that had been made as to the hiring of the busses on the day of the accident. Mr. Van Brunt testified that at no time prior to the happening of the accident was there any definite agreement made as to the price and that he was told by Mr. Matthews that he, Van Brunt, would have to take it up with Mr. Russell and see what sort of a "break" he could get for the Fire Department. He further testified that after the accident he was told by Mr. Russell that there was no charge to be made for the busses. This was the extent of the plaintiff's proof as to this factual question.
After reviewing the evidence in the case, the court charged the jury as follows:
"Now, if the Fairhaven Fire Company solicited the use of this bus and there was no intention on the part of the Boro Busses Corporation to make a charge — in other words, if it was to be a gratuitous use of the bus, if it was to be donated and no charge be made, then the Boro Busses Corporation owes the plaintiff — or rather, that would place the plaintiff in the position of a licensee. And a licensee is a person who is neither passenger, servant nor trespasser and not standing in any contractual relation with the owner. And in that event, the only legal obligation imposed is that the defendant refrain from acts wantonly or willfully injurious.
"If at the time the bus was used it was intended on the part of the Boro Busses Corporation to make a charge for that bus, so that then the bus would be in the category of a hired bus, if that was within the minds of the parties, then the plaintiff becomes an invitee. Or if the bus had been paid for before it was used, or if you find from the facts that it was intended that a charge be made for that bus, then the plaintiff riding on that bus became an invitee, and under the law the defendant then would owe to the plaintiff the duty of using reasonable care in the operation of the bus so that the plaintiff would not be injured. *Page 10 
"Now you have heard how the accident happened. You have got to determine first whether or not the plaintiff was an invitee or whether she was a licensee. And once you determine that you come to the question of how the defendant operated the bus along Route 25. Was he negligent in the operation of the bus? In the event you find that the plaintiff was an invitee, was he using reasonable care? If you find she was an invitee."
The court then charged the jury on the question of damages, if any, to which there was no exception.
We think that from the testimony in this case that it was for the jury to say what was the status of the plaintiff. The court could not determine that question and submitted it to the jury in a manner most favorable to the plaintiff. The burden being upon the plaintiff to prove a prima facie case the status of the plaintiff at the time of the happening of the accident, and of the actionable negligence against the defendant.
Had the court attempted to take this question from the jury he would have been deciding as a law question what had been made a fact question for the jury. We think the charge of the court was clear and that it fully set forth the issues involved in the case. There being no error in that part of the charge from which this appeal is taken, the judgment below will be affirmed.