148

MILTON JESSELSON, Individually and as Executor of TESSIE JESSELSON, Deceased, et al., Respondents, *v.* GLORIA MOODY, Appellant.

Argued June 3, 1955; decided July 8, 1955.

*Wilbur M. Jones* and *John W. Trapp* for appellant.   I. The New Jersey common law is applicable.   (*Doran* v. *Thomsen,* 76 N. J. L. 754; *Dooley* v. *Saunders U-Drive Co.,* 109 N. J. L. 295.)   II. Presumption of agency is rebutted by defendant's

uncontradicted testimony and corroborated by plaintiff Dutton's statement that, at the time of the accident, defendant's vehicle was being used in furtherance of Dutton's business. Thus, on plaintiff's own testimony, the driver of defendant's vehicle was Dutton's agent or servant at the time of the accident. III. Defendant's motion to dismiss at the end of plaintiff's case should have been granted for the reason that, under the doctrine of *respondeat superior,* plaintiffs had failed to make out a prima facie case. (*Doran* v. *Thomsen,* 76 N. J. L. 754; *Wirth* v. *Gabry,* 120 N. J. L. 432, 122 N. J. L. 95; *Marsh* v. *Sasanoff,* 9 N. J. Mis. Rep. 545; *Miranda* v. *Lo Curto,* 249 N. Y. 191.) IV. Alexander Versakos was "operating" or using defendant's car at the time of the accident as a bailee or independent contractor. (*Eaton* v. *Schild,* 8 N. J. Mis. Rep. 245; *Gochee* v. *Wagner,* 257 N. Y. 344; *Maurer* v. *Brown,* 106 N. J. L. 284; *Dooley* v. *Saunders U-Drive Co.,* 109 N. J. L. 295; *Gavin* v. *Cohen,* 5 N. J. Mis. Rep. 296; *Paul* v. *Flannery,* 128 N. J. L. 438; *Kirrer* v. *Bromberg,* 113 N. J. L. 98.) V. The Dutton action should have been dismissed on the additional ground that Dutton, having failed to introduce proof qualifying himself for the legal status of an *invitee* in defendant's vehicle, was relegated to the status of a *licensee* and, in such latter status, defendant owed Dutton only the duty to refrain from willful injury, the record being bare of any such evidence. (*Cowan* v. *Kaminow,* 128 N. J. L. 398; *Doran* v. *Thomsen,* 76 N. J. L. 754; *Lutvin* v. *Dopkus,* 94 N. J. L. 64; *Faggioni* v. *Weiss,* 99 N. J. L. 157.) VI. The recovery of Milton Jesselson, as executor of Tessie Jesselson, deceased, is excessive. (*Capone* v. *Norton,* 21 N. J. Super. 6; *Consolidated Traction Co.* v. *Home,* 60 N. J. L. 444; *O'Brien* v. *New Jersey State Highway Dept.,* 11 N. J. Super. 548.)

*Arnold B. Elkind, Harry Ostrov* and *Herbert Zelenko* for Milton Jesselson, respondent. I. The question of agency was properly submitted to the jury because of: The New Jersey presumption of agency; the admissions of appellant; appellant's inconsistent and self-contradictory testimony, and the fact that appellant was the sole witness on the question of agency and the only other witness who could have contradicted her was dead. (*Mahan* v. *Walker,* 97 N. J. L. 304; *Efstathopoulos* v.

*Federal Tea Co.,* 119 N. J. L. 408; *Conway* v. *Pickering,* 111 N. J. L. 15; *Crowell* v. *Padolsky,* 98 N. J. L. 552; *Tischler* v. *Steinholtz,* 99 N. J. L. 149; *Spelde* v. *Galtieri,* 102 N. J. L. 203; *Schultz* v. *Hinz,* 20 N. J. Super. 346; *Doran* v. *Thomsen,* 76 N. J. L. 754.) II. The law of New Jersey must be resorted to to interpret the transaction between Versakos and appellant. (*Miranda* v. *Lo Curto,* 249 N. Y. 191; *Winkelstein* v. *Solitaire,* 129 N. J. L. 38.) III. The damages awarded Milton Jesselson, as executor of Tessie Jesselson, deceased, were not excessive.

*Arnold B. Elkind* and *Herbert Zelenko* for Robert M. Dutton, respondent. I. The question of agency was properly submitted to the jury. (*Mahan* v. *Walker,* 97 N. J. L. 304; *Efstathopoulos* v. *Federal Tea Co.,* 119 N. J. L. 408; *Conway* v. *Pickering,* 111 N. J. L. 15; *Crowell* v. *Padolsky,* 98 N. J. L. 552; *Tischler* v. *Steinholtz,* 99 N. J. L. 149; *Schultz* v. *Hinz,* 20 N. J. Super. 346; *Doran* v. *Thomsen,* 76 N. J. L. 754; *Dooley* v. *Saunders U-Drive Co.,* 109 N. J. L. 295; *Maurer* v. *Brown,* 106 N. J. L. 284.) II. The law of New Jersey must be resorted to to interpret the transaction between Versakos and appellant. (*Miranda* v. *Lo Curto,* 249 N. Y. 191; *Winkelstein* v. *Solitaire,* 129 N. J. L. 38.) III. There was evidence from which the jury could have found that respondent Dutton was an invitee of appellant. IV. The appeal as against respondent Dutton may be dismissed since it is not properly before the court as a matter of right.

BURKE, J. The judgment in favor of plaintiff Jesselson, individually and as executor of the estate of his deceased wife, should be affirmed. However, defendant's contention that the plaintiff Dutton failed to establish that he was an invitee of the defendant is well taken and requires a reversal as to Dutton. New Jersey is one of the few remaining jurisdictions which adhere to the common-law distinction between invitees and licensees in automobile passenger cases. As in several other jurisdictions in which the liability of an automobile owner is determined by nonstatutory rules, varying standards of care are imposed in determining actionable negligence. Thus, as to an invitee, the owner is bound to use reasonable and ordinary care for the safety of the guest. However, as to a licensee, the only legal obligation imposed is that of refraining from the perpetration of acts wantonly or willfully injurious. (*Lutvin* v.

*Dopkus,* 94 N. J. L. 64; *Faggioni* v. *Weiss,* 99 N. J. L. 157; *Paiewonsky* v. *Joffe,* 101 N. J. L. 521; *Struble* v. *Bell,* 126 N. J. L. 168; *Tarasewicz* v. *Bowker,* 5 N. J. Super. 399.) The evidence in the case at bar falls far short of proof that the acts of the driver were "wantonly and willfully injurious." It therefore became incumbent upon Dutton, if he would recover, to show affirmatively that he was an invitee of the owner.

At this point, it is necessary to observe that the presumption of agency relied upon to establish defendant's liability on the theory of *respondeat superior* does not in any way affect the status of a passenger as invitee or licensee. As stated in *Cowan* v. *Kaminow* (128 N. J. L. 398, 403): "However, this rule [presumption of agency] cannot, and should not, be extended to create a presumption that a passenger in a car, driven by one other than the owner, is an invitee of the owner. The status of a passenger as an invitee of the owner is a fact which must be proven, and failure of such proof has been recognized by our Supreme Court as sufficient to free the owner from liability as a matter of law." There is a complete absence from the record below of any proof on the part of Dutton that he was anything other than an invitee of Versakos, the driver. However, proof that one is an invitee of the driver is not sufficient; he must further prove that he was an invitee of the owner. The applicable rule is set forth in *Yanowitz* v. *Pinkham* (111 N. J. L. 448, 450):

"But one who is riding as a guest in an automobile, though the car is being driven by the owner's agent duly authorized thereto, may be the guest of the agent, and not of the owner.

"If the driver of an automobile, though acting duly for his absent master in the *operation of the car,* was not acting for him or in the execution or furtherance of his master's business in accepting and transporting the guest, the master and owner cannot be held liable by the guest for want of reasonable care of the driver."

It is apparent in the case at bar that Versakos was not acting in furtherance of his master's business in *accepting and transporting the guest.* Defendant denies, and there is no proof to the contrary, that she had any knowledge that Versakos had invited Dutton as his guest. Dutton himself testified that he had met Versakos for the first time through a mutual friend on

the evening before the accident, and that Versakos had invited Dutton to accompany him to New York City after the latter had mentioned that he intended to drive to La Guardia Airport for a business trip to Syracuse. Dutton's own testimony unquestionably establishes that Versakos' invitation was purely an accommodation to Dutton and solely in furtherance of Dutton's own business interests. It was therefore error to deny defendant's motion to dismiss the complaint, and to submit the case to the jury on that evidence (*Cowan* v. *Kaminow, supra*).

The judgment should be modified by reversing so much thereof as affirmed the judgment in favor of Dutton, and the judgment, as so modified, should be affirmed, with costs to appellant against respondent Dutton and to respondent Jesselson against appellant.

CONWAY, Ch. J., DESMOND, DYE, FULD and VAN VOORHIS, JJ., concur with BURKE, J.; FROESSEL, J., dissents and votes to affirm.

Judgment accordingly.