WILLIAM MAYS, as Administrator of the Estate of MARY L. MAYS, Deceased, Appellant, *v.* EDWARD WORTHAM et al., Respondents.

First Department, May 7, 1957.

*Allen Murray Myers* of counsel (*Henry & Myers,* attorneys), for appellant.

*I. Sidney Worthman* of counsel (*William J. Tropp,* attorney), for George J. Davis, respondent, and (*Leo E. Berson,* attorney), for Edward Wortham, respondent.

*Per Curiam.* This appeal is from an order granting defendant's motion to dismiss the complaint at the close of plaintiff's case during a jury trial. Plaintiff administrator had brought an action under the wrongful death statute of New Jersey to recover damages for pecuniary loss and also for the pain and suffering of the deceased Mary Louise Mays, who was killed when an automobile owned by defendant Davis and operated by defendant Wortham collided with a telephone pole on Route 6 in New Jersey.

At the time of the accident there were four persons in the automobile, the driver and decedent in the front seat and another couple, Hadley Robinson and his wife, in the rear seat. Defendant Davis, the owner, who was not in the car, testified that Wortham was operating the car with his permission.

The accident occurred at about 3:00 A.M. on January 20, 1952, when the car, operated by Wortham, skidded across a four-lane concrete highway (60 feet wide) and struck a telephone pole with such force that the pole, which was 35 inches in circumference, was snapped in half and torn from the ground. Decedent, who occupied the right front seat was thrown from the car, receiving the injuries from which she died shortly thereafter. Prior to the accident it had been raining and the road was wet but not icy.

During the preceding evening and before starting on the trip to New Jersey, all the occupants of the car, including the driver, had drunk beer — some in the home of Robinson, and some, later on in the evening, at a tavern.

Two entirely different versions of the cause of the accident were given by the driver, Wortham, and the passenger Robinson. According to Wortham, just prior to the accident he observed an on-coming vehicle zigzagging across the road; he cut to the right applying his brakes when he started to skid; he then cut his wheels to the left and was skidding to the right when the impact occurred. Robinson, however, testified that he observed no car approaching in a zigzagging fashion. He stated that he observed a car in the roadway some 9 to 15 feet ahead of the car in which he was riding; that the car in front was blinking its stop lights. When asked at this point what the car in which he was riding did, he said, "Well, to me, it seemed to me the car was out of control, like, I was trying to protect myself." Although in a signed statement made after the accident Robinson stated that defendant's car was traveling about 25 miles an hour, at the trial he testified that he did not know at what speed Wortham was driving.

We think on the evidence in this case it was for the jury to determine whether Wortham's or Robinson's story should be accepted. If the jury were to adopt Robinson's testimony there could very well be a basis for finding negligence. Robinson did not claim that the car ahead had suddenly stopped. All he saw was, that its stop lights were blinking, indicating at most that the car ahead was slowing down. Based upon Robinson's testimony the jury could have drawn the inference that Wortham did not have his car under control and that in the circumstances he was not proceeding at a reasonable distance behind the other car. The evidence was also susceptible of an inference that Wortham was driving at a speed that was dangerous in the light of existing conditions. Such an inference would be strongly supported by the terrific force of the impact which uprooted and snapped a telephone pole in half. We believe the jury

should have been permitted to pass upon the question of negligence.

Although the point was not raised on the motion to dismiss the complaint in the court below it is now urged by defendant Davis, the owner of the car, that he may not be held liable because there was no proof that the decedent, Mary Louise Mays, was in the automobile at his invitation or with his permission or knowledge.

Under New Jersey law, which is applicable to this case, such proof is required (*Jesselson* v. *Moody,* 309 N. Y. 148). Whether decedent was a passenger with the permission or knowledge of defendant Davis, we think was a question of fact for the jury. There was some evidence to support an affirmative finding on that question and its sufficiency was for the jury's determination.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

BOTEIN, J. P., RABIN, FRANK, VALENTE and McNALLY, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.